IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Rudolph Rotondo,<br>    Petitioner,<br>vs.<br>Dora Schriro, et al.,<br>    Respondents. | CV-06-1179-PHX-SMM (JCG)<br>**REPORT & RECOMMENDATION** |

Petitioner Samuel Rotondo, presently incarcerated at the Arizona State Prison Complex, Eyman Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 10). Petitioner did not file a reply. The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 20, 2000, Petitioner was convicted on one count of first degree murder, five counts of attempted first degree murder, two counts of aggravated assault and one count of theft in Maricopa County Superior Court. (Answer, Ex. E.) Petitioner was sentenced on February 8, 2001. (Answer, Ex. F.)

Petitioner timely appealed, challenging only his sentences, and on March 7, 2002, the Arizona Court of Appeals remanded the matter for resentencing. (Answer, Exs. G, H & A.) On June 28, 2002, the trial court affirmed its previously-imposed sentences on all counts. (Answer, Ex. I.)

Petitioner timely appealed the re-sentencing and filed an *Anders* brief on November 8, 2002. (Answer, Ex. J & K.) On April 15, 2003, the Arizona Court of Appeals affirmed Petitioner's sentences. (Answer, Ex. L.) Petitioner did not petition the Arizona Supreme Court for review.

On July 15, 2003, Petitioner filed a notice of post-conviction relief; his *pro se* Rule 32 petition was filed on June 8, 2004. (Answer, Exs. M & N.) On August 24, 2004, the trial court dismissed the Rule 32 petition as untimely. (Answer. Ex. P.) On September 15, 2004, Petitioner filed a motion for rehearing, which the trial court denied on November 11, 2004. (Answer, Ex. Q & S.) Petitioner did not petition the Arizona Court of Appeals for review.

On July 26, 2005, Petitioner filed a second notice of post-conviction relief; his subsequently filed petition ("Second Rule 32 Petition") claimed that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). (Answer, Ex. T & U.) On March 7, 2006, the trial court ruled that Petitioner's Second Rule 32 Petition was time-barred and without merit. (Answer, Ex. W.) Petitioner filed a petition for review by the Arizona Court of Appeals on April 6, 2006. The Arizona Court of Appeals denied review on March 19, 2007. (Arizona Court of Appeals docket at http://www.cofad1.state.az.us/casefiles/cr/cr060299.pdf.)

On April 27, 2006, while the petition was pending before the Arizona Court of Appeals, Petitioner filed his present federal habeas petition in this Court. (Doc. No. 1.) The Petition presents eleven claims for relief:

1. Ground 1: Petitioner was sentenced in violation of *Blakely v. Washington*;
2. Ground 2: Petitioner's Confrontation Clause right and his right to a fair trial were violated when the trial court permitted hearsay testimony by an officer;
3. Ground 3: Petitioner was denied a fair trial because the trial court unduly limited cross-examination of one of the victims by allowing hearsay statements

2

       at trial;

4. Ground 4: Petitioner was denied effective assistance of counsel because of his counsel's performance at trial;

5. Ground 5: Petitioner's constitutional rights were violated when the trial court failed to consider all mitigating evidence on all counts;

6. Ground 6: The trial court failed to weigh all of the mitigating evidence together to determine whether the mitigating circumstances were sufficiently substantial to call for leniency on all counts, in violation of Petitioner's state and federal constitutional rights;

7. Ground 7: The trial court's rejection of the mitigating evidence on the ground that it did not excuse the criminal conduct violated Petitioner's constitutional rights;

8. Ground 8: Petitioner was denied effective assistance of counsel on appeal;

9. Ground 9: Petitioner was denied effective assistance of counsel on re-sentencing;

10. Ground 10: The prosecutor failed to disclose information regarding another suspect in the area in violation of state and federal law; and

11. Ground 11: The trial court failed to properly conduct a formal re-sentencing in violation of Petitioner's state and federal constitutional rights.

## **DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. See 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

1 Court and made retroactively applicable to cases on collateral review; or (4) the date on
2 which the factual predicate of the claim or claims presented could have been discovered
3 through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

4 Of these possible starting dates, only the first and third are relevant to the present
5 action. Petitioner does not allege that he was unconstitutionally impeded from timely filing
6 the present federal Petition. Nor does Petitioner allege that his Petition is predicated on
7 newly-discovered evidence that could not have been discovered earlier through the exercise
8 of due diligence.

9 The judgment against Petitioner became final on May 15, 2003, 30 days after the
10 Arizona Court of Appeals affirmed Petitioner's sentence, when Petitioner's opportunity to
11 petition the Arizona Supreme Court for review had expired. *See* Rule 31.19(a), Ariz. R.
12 Crim. P. (stating that defendant has 30 days after the filing of a decision to file a petition for
13 review by the Arizona Supreme Court); *see also* 28 U. S.C. § 2244(d)(1)(A) (stating that a
14 judgment becomes final at the later of either the conclusion of direct review or the expiration
15 of the time for seeking such review). Although direct review is not normally complete until
16 the time for filing a writ of certiorari to the United States Supreme Court has expired, *see*
17 *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), certiorari can only be sought following
18 a decision or denial of discretionary review by the state court of last resort, *i.e.* the Arizona
19 Supreme Court. *See* Sup. Ct. R. 13. Thus, in the present case, the 90 days allowed for the
20 filing of a petition for writ of certiorari to the United States Supreme Court is not considered
21 in calculating when Petitioner's judgment became final.

22 Petitioner alleges in his Petition, however, that his sentence violates *Blakely*. *Blakely*
23 was decided on June 24, 2004. *See* 542 U.S. 296 (2004). If *Blakely* recognized a new
24 constitutional right and made that right retroactive to cases on collateral review then,
25 pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations began to run on June
26 24, 2004. However, *Blakely* does not apply retroactively on collateral review. *See Schardt*
27 *v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, the statute of limitations began
28 to run on May 15, 2003, the date that his conviction became final, not on the date that the

4

*Blakely* decision was issued.

The statute of limitations is tolled during the time that a properly filed application for state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). In this case, however, Petitioner's subsequent notices of post-conviction relief were not timely filed. (Answer, Exs. P & W.) Accordingly, they were not "properly filed" and did not continue the statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 408-09 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, *Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir. 1998)(en banc). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner has not argued that he was unable to timely file the pending petition due to extraordinary circumstances beyond his control.

The last day of the limitations period was May 13, 2004, the one-year anniversary of the trial court's judgment and sentence. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the 1-year period using the "anniversary method" of Fed. R. Civ. P. 6(a)). The instant petition was filed on April 27, 2006. It is therefore time-barred. Consequently, the Court does not reach the respondent's alternate argument concerning procedural default.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-06-1179-**

**PHX-SMM.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 27th day of March, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge